UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

NANCY SNUFFER,

    Plaintiff,

v.                                          CIVIL ACTION NO. 5:21-cv-00654

NATIONAL GENERAL ASSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant National General Assurance Company's ("National General") motion to dismiss Count II of Plaintiff Nancy Snuffer's complaint pursuant to *Federal Rule of Civil Procedure* 12(b)(6), filed March 10, 2022. [Docs. 5, 6]. The matter is ready for adjudication.

**I.**

Ms. Snuffer has maintained an automobile insurance policy with National General since at least 2012. [Doc. 1 ¶ 4]. On June 22, 2021, Ms. Snuffer was injured in an automobile accident; the tortfeasor's insurance policy provided insufficient compensation. *Id.* ¶¶ 6, 9. Ms. Snuffer thus made a demand against her underinsured motorist ("UIM") coverage. *Id.* ¶ 10. On October 8, 2021, National General denied the UIM claim. *Id.* ¶ 11. In response, Ms. Snuffer requested additional information regarding her automobile insurance policy.

Ms. Snuffer then instituted this action against National General on December 15,

2021, asserting claims as follows: Count I -- Breach of Contract/First Party Bad Faith; and Count II -- Class Action Allegation. [Doc. 1]. On March 10, 2022, National General moved to dismiss Count II. It asserts the purported class does not satisfy the commonality requirement under *Federal Rule of Civil Procedure* 23. [Docs. 5, 6]. Ms. Snuffer responded on April 6, 2022, contending that the proposed class has been narrowly tailored to satisfy the requirement. [Docs. 9, 10]. National General filed a reply in support of its motion on April 18, 2022. [Doc. 12].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a]

claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

*Federal Rule of Civil Procedure* 23 establishes a two-step process for certification of class actions. First, "[e]very class action must satisfy the four requirements of Rule 23(a)." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004); *see also Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654-55 (4th Cir. 2019); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014); *Gregory v. Finova Cap. Corp.*, 442 F.3d 188, 190-91 (4th Cir. 2006). "In addition,

3

a proposed class must also satisfy the requirements of one of the three Rule 23(b) categories." *Gariety*, 368 F.3d at 362; *see also Krakauer*, 925 F.3d at 654-55; *Adair*, 764 F.3d at 357; *Gregory*, 442 F.3d at 190-91. Only the first step is in controversy presently. As noted, there are four (4) prerequisites under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*See Krakauer*, 925 F.3d at 654; *Adair*, 764 F.3d at 357; *Gregory*, 442 F.3d at 190; *Gariety*, 368 F.3d at 362.

The "[c]ommonality" prerequisite "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982)); *see also Peters v. Aetna Inc.*, 2 F.4th 199, 242 (4th Cir. 2021). "This does not mean merely that [class members] have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. While "[a] single common question will suffice," "it must be of such a nature that its determination 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Adair*, 764 F.3d at 360 (citations omitted) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 2551, 2556); *see also Peters*, 2 F.4th at 242. Moreover, "a class-wide proceeding must be able to generate common answers that drive the litigation." *Brown v. Nucor Corp.*, 785 F.3d 895, 909 (4th Cir. 2015) (citing *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014)); *see also Peters*, 2 F.4th at 242; *Adair*, 764 F.3d at 360.

In Count II, Ms. Snuffer seeks to certify "a class of all West Virginia residents who were insured by [National General] and provided pre-marked [underinsured motorist/uninsured motorist] Selection/Rejection[]Forms." [Doc. 1 ¶ 26]. The reason for this request arises from West Virginia law:

> [an insurer] shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he or she is legally entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without set off against the insured's policy or any other policy.

W. Va. Code § 33-6-31(b). In *Bias v. Nationwide Mutual Insurance Co.*, 365 S.E.2d 789, 179 W. Va. 125 (1987), the Supreme Court of Appeals of West Virginia held that "[w]here an offer of optional coverage is required by statute, the insurer has the burden of proving that an effective offer was made, and that any rejection of said offer by the insured was knowing and informed." Syl. Pt. 1, *Id.*, 179 W. Va. 125. "The insurer's offer must be made in a commercially reasonable manner, so as to provide the insured with adequate information to make an intelligent decision." *Id.* at 791, 179 W. Va. at 127.

Following the decision in *Bias*, however, the Legislature enacted *West Virginia Code* § 33-6-31d, which provides the requirements for a compliant offer of uninsured or underinsured motorist insurance required by section 33-6-31(b). Adhering to such requirements "creates a presumption that the applicant and all named insureds received an effective offer of the optional coverages . . . and that the applicant exercised a knowing and intelligent election or rejection of the offer." W. Va. Code § 33-6-31d(b). "An insurance company's failure to use the West Virginia Insurance Commission's prescribed forms pursuant to [*West Virginia Code* § 33-6-31d] results in the loss of the statutory presumption and a reversion to the standards enunciated in [*Bias*]." Syl. Pt. 12, *Thomas v. McDermitt*, 751 S.E.2d 264, 232 W. Va. 159 (2013).

Assuming Ms. Snuffer could establish that National General's form violated the requirements of section 33-6-31d, National General would still be permitted to assert its offer satisfied section 33-6-31(b) under the *Bias* standard. National General could thus yet contend each offer was effective and that any rejection was knowing and informed. But determining whether each offer satisfies the *Bias* standard "require[s] intensive, individual fact-finding." *Martin v. State Farm Mut. Auto. Ins. Co.*, 809 F. Supp. 2d 496, 510 (S.D. W. Va. 2011); *see also State ex rel. Erie Ins. Prop. & Cas. Co. v. Nibert*, No. 16-0884, 2017 WL 564160, at *6 (W. Va. Feb. 13, 2017) ("Resolving the common contentions of whether [the insurer] made 'an effective offer' to each of the members of the class, and whether each class member's rejection of that offer was 'knowing and informed,' requires individual determination."). This is because the circumstances surrounding any offer and rejection are likely to be unique to each class member. As a result, resolving whether section 33-6-31(b) was violated for one individual is unlikely to "resolve an issue that is central to the validity of each one of the claims." *Adair*, 764 F.3d at 360 (citations omitted) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 2551, 2556).

Accordingly, inasmuch as each offer and rejection would still require analysis under the *Bias* standard, Ms. Snuffer has failed to plead sufficient facts "to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 349-50 (quoting *Falcon*, 457 U.S. at 157). Class certification therefore would be improper.

### IV.

National General's Motion to Dismiss is **GRANTED**. [Doc. 5]. Count II of Ms. Snuffer's complaint is **DISMISSED WITHOUT PREJUDICE**.

The Court directs the Clerk to transmit a copy of this written opinion and order to

counsel of record and any unrepresented party.

        ENTER:     March 27, 2023

Frank W. Volk
United States District Judge